UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AYANA WALTERS,                                           No.:

                Plaintiff,

                                                                                      **COMPLAINT AND DEMAND FOR JURY TRIAL**

        -against-

AIRWAY CLEANERS, LLC,

                Defendant.
------------------------------------------------------------------X

      Plaintiff, AYANA WALTERS, by and through her attorneys, MARK DAVID SHIRIAN, P.C., complaining of the Defendant, respectfully alleges as follows:

      1.    This firm, MARK DAVID SHIRIAN P.C., represents Plaintiff AYANA WALTERS (hereinafter "Plaintiff" or "Ms. Walters") in connection with her claims against her employer, Defendant AIRWAY CLEANERS, LLC, (hereinafter "AIRWAY") for sex discrimination, hostile work environment, retaliation and wrongful termination, pursuant to Title VII of the Civil Rights Act, the New York State Human Rights Law, New York Executive Law 290 et seq., and New York City Admin. Cod. §8-107.

### JURISDICTION AND VENUE

      2.    This court has original federal question jurisdiction under 28 U.S.C. 1331 and 1343 because this case is brought for sex discrimination, hostile work environment, retaliation, and wrongful termination, under Title VII of the Civil Rights Act and other tortious conduct. This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL"), New York Executive Law 290 *et seq.*, N.Y. Exec. L 296 *et seq.* and New York City Admin. Cod. §8-107 claims as they are so related to the claims in this action within the

Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue properly lies in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), because the claims arose in this judicial district and the defendant is doing business in this District.

**PARTIES**

4. Mr. Ayana Walters is a 23 year-old African-American lesbian female. Ms. Walters resides in New York, New York.

5. At all relevant times, Plaintiff Walters met the definitions of an "employee" under all applicable statutes.

6. Airway Cleaners, LLC ("Airway") is a New York City based provider of staffing and security in the aviation industry. Airway is located at 15 Clinton Avenue, Rockville Centre, New York 11570. Airway also has an outpost at Terminal 1 of JFK Airport. Airway was an employer of Ms. Walters at all relevant times to this action.

7. At all relevant times, AIRWAY has met the definition of an "employer" under all applicable statutes.

**PROCEDURAL BACKGROUND**

8. On or about March 16, 2017, Plaintiff Walters filed a complaint against defendant AIRWAY with the Equal Employment Opportunity Commission ("EEOC") and assigned EEOC Charge No. 520-2017-01752.

9. On or about November 15, 2017, the EEOC issued a "Notice of Right to Sue" to Plaintiff Walters advising her of her right to file an action against defendant within 90 days of her receipt of the notice.

10. This lawsuit has been timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

11. Any and all other prerequisites to the filing of this suit have been met.

**FACTS**

12. On March 25, 2016, Ms. Walters was hired by Airway as a cleaner but started working on June 1, 2016. The location of the job was located at Terminal 1 of JFK Airport, Queens, New York. Ms. Walters worked for five days a week at $10.10 per hour for eight hours a day from 2PM – 10PM.

13. Ms. Walters' responsibilities included cleaning, mitigating tripping hazards, mopping and other tasks associated with keeping Terminal 1 of JFK airport clean.

14. At all times relevant to this action, Ms. Walters was provided with an Airway uniform while she was employed by Airway, and exclusively utilized Airway equipment. Airway also maintained records of hours and directly supervised Ms. Walters on a daily basis.

15. At the time Ms. Walters was hired by Airway, her direct supervisor on the job was Dularie (last name unknown), an employee of Airway.

16. In the course of performing the duties of her position, Ms. Walters was forced to endure a hostile work environment, which was severe and pervasive and altered her working conditions.

17. Airway discriminated against Ms. Walters, a lesbian woman who also exhibits male tendencies and characteristics, by subjecting her to a hostile work environment because of her sexual orientation and nonconformity with stereotypical female gender norms in violation of Title VII.

18. Specifically, Ms. Walters was repeatedly subjected to offensive and belittling comments by coworkers about her sexual orientation, appearance, and nonconformity with stereotypical female gender norms.

19. The acts of discrimination forming the basis of this complaint began in early June 2016, the first month of Ms. Walters' employment and continued throughout September 2016. Ms. Walters was the victim of uninitiated, unprovoked, and harassing comments from Dularie and other employees.

20. Dularie and other colleagues made the following disparaging comments to Ms. Walters with respect to her sexual orientation and appearance:

    a. Dularie asked Ms. Walters if "she thinks she's a man?" and would make constant jokes regarding her masculine appearance and sexuality.

    b. Spanish speaking co-workers called Ms. Walters "it", suggesting she is neither male nor female.

    c. Miguel, a fellow cleaner, made rumors about her and a sexual relationship with Ms. Madina Campbell, a former AIRWAY employee.

    d. Miguel told Ms. Walters that she is "gay" on a daily basis.

    e. Multiple coworkers made fun of Ms. Walters for being gay.

 f. Although against Airway policy, Ms. Walters was forced to take out the garbage. After complaining to Dularie about this, Dularie told Ms. Walters that she is indeed strong enough to lift garbage and should not complain.

  1. Male co-workers would force Ms. Walters to take out the garbage, even though this was against Airway policy. Male co-workers never helped Ms. Walters because they thought she was strong enough to lift the garbage, which was a violation of Airway policy.

 g. <u>Uniform size</u>: Ms. Walters requested a bigger size uniform because the uniform size she had been given was uncomfortable, but Dularie refused her request, stating that Ms. Walters "dresses like a boy" and asked Ms. Walters "why would you want to be considered a boy?"

 h. <u>Comments regarding Ms. Walters' ex-girlfriend</u>: Ms. Walters' ex-girlfriend, Alcadia Cardenas, was and is a current employee of Airway. Dularie made a comment about their romantic relationship, stating "I can't believe she likes girls; I didn't think that she is the type to be into you."

21. The repetition of these and other unsolicited comments about Ms. Walters's appearance and sexuality by Dularie and other employees created a discomfort for Ms. Walters in the work environment.

22. Additionally, Ms. Walters made multiple complaints about this harassment to her supervisor Felix and Dularie, but Airway failed to take action to stop the harassment after Ms. Walters complained.

23. In June 2016, Ms. Walters was in the process of cleaning the bathroom at the Gate 4 women's bathroom, when a female security guard came and said that that Ms. Walters was in the wrong bathroom and that she needed to leave. Ms. Walters stated that she is in the right bathroom. The security guard went to Ms. Walters' supervisor, John (last name unknown) and stated that Ms. Walters was rude. Ms. Walters was then written-up for misconduct.

24. During Plaintiff's employment with AIRWAY, she believes that she was targeted by AIRWAY because of her homosexuality and appearance.

25. For example, Plaintiff was always placed in the same spot by AIRWAY personnel in order to "keep an eye on her" because she was a lesbian.

26. In or around August 2016, Dularie placed Ms. Walters by herself at the Terminal 1 food court, which was contrary to Airway policy which required two cleaners for the food court. However, the policy also stated that one person could work at the food court only if they are low on staff, but regardless only male cleaners were supposed to take down the garbage in big bins, usually about 18-20 heavy garbage bags. Moreover, male cleaners were paid extra for taking out the garbage.

27. Dularie stated that Ms. Walters is strong enough to handle working at the food court on her own. Ms. Walters was never paid extra for taking out the garbage.

28. Ms. Walters complained to Dularie about working at the food court by herself, as taking out the garbage was causing much strain to her body and she did not have any assistance. Moreover, this was a task that was strictly to be completed by male cleaners. In response, Dularie stated that "for someone one probation, you have a lot of do's and dont's." Dularie then

6

began to threaten Ms. Walters with her job if she did not continue working at the food court and taking out the garbage by herself.

29. In or around September 17 2016, Ms. Walters was performing regular cleaning in the food court. A gentleman had his foot up on a chair. Ms. Walters politely asked the gentleman to put his foot down so she could complete her task of cleaning. Ms. Walters then tapped the table and the gentleman asked her why she is bothering him. The gentleman then called Ms. Walters a bitch and snatched her hand. The gentleman reported this incident to Dularie. The gentleman apparently told Dularie that Ms. Walters struck him. Dularie then told Ms. Walters that she was not supposed to touch the chair. However, Ms. Walters was never informed of this protocol. Dularie then sent Ms. Walters home about an hour after the incident.

30. On September 19, 2016, Ms. Walters was officially terminated. Ms. Walters was informed that she had been written up multiple times, even by the airport security.

31. Moreover, Ms. Walters was told that she was banned from the building.

32. Upon information and belief, AIRWAY did not follow the proper procedure when it terminated Plaintiff.

**FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF
SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964
(Brought against Defendant AIRWAY)**

33. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

34. Plaintiff is a homosexual female whose sexual orientation is not consistent with the Defendant's perception of acceptable gender roles.

35. Upon learning and observing that Plaintiff was a homosexual female, the Defendant subjected her to harsh and discriminatory working conditions

36. Plaintiff alleges that Defendant AIRWAY through its agents engaged in a pattern and practice of discrimination against her and sexually stereotyped her during her employment on the basis of her sexual orientation with respect to the terms, conditions and privileges of her employment in violation of Title VII.

37. As part of its pattern and practice of employment discrimination, Defendant AIRWAY through its agents subjected Plaintiff to sex discrimination and failed to take corrective action.

38. Defendant AIRWAY knew or should have known about the sex discrimination in the workplace.

39. Defendant AIRWAY failed and refused to take appropriate action to end the sex discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

40. This disparate treatment was motivated by the fact that Plaintiff's status as a homosexual female did not conform to the Defendant's gender stereotypes associated with women.

41. Neither sex nor compliance with perceived sexual stereotypes is an occupational qualification for Plaintiff's job with Defendant.

42. For the reasons set forth in this Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964.

43. Defendant's actions were motivated by malice and reckless disregard for Plaintiff's rights under the law.

44. That as a result of the discriminatory acts of Defendant AIRWAY through its agents, Plaintiff suffered emotional distress.

45. Defendant AIRWAY's discrimination against Plaintiff Walters was committed with reckless and callous disregard of her Title VII right to a workplace free from discrimination based on sex.

46. As a result of Defendant AIRWAY's unlawful conduct, Plaintiff Walters is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (Brought against Defendant AIRWAY)

47. Plaintiff repeats and incorporate by reference the allegations stated above as if they were set forth in full herein.

48. Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a), when it terminated Plaintiff's employment, in retaliation after she complained repeatedly about the harassment.

49. Plaintiff alleges that Defendant through its agents engaged in retaliation against Plaintiff as a result of Plaintiff's complaints.

50. The practices complained of above have deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as an employee, because of her sexual orientation.

51. The unlawful employment practices complained of above were intentional.

52. The unlawful employment practices complained of above were, and are, done with malice or with reckless indifference to the federally protected rights of Plaintiff.

53. That as a result of the discriminatory acts of Defendant through its agents, Plaintiff suffered emotional distress.

### THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### HOSTILE WORK ENVIORNMENT IN VIOLATION OF TITLE VII OF
### THE CIVIL RIGHTS ACT OF 1964
### (Brought against Defendant AIRWAY)

54. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

55. Plaintiff alleges that Defendant through its agents and employees created and condoned a hostile work environment against Plaintiff by humiliating and embarrassing her.

56. In violation of Title VII, AIRWAY discriminated against Plaintiff Walters on the basis of sex by subjecting her to a hostile work environment that was severe and pervasive enough to affect the terms and conditions of her employment.

57. That as a result of the discriminatory acts of Defendant through its agents and employees, Plaintiff suffered emotional distress and developed an anxiety disorder.

**FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE NYSHLR. EXEC. L. 296,** *et seq.*
**(Brought against Defendant AIRWAY)**

58. Plaintiff repeats and incorporate by reference the allegations stated above as if they were set forth in full herein.

59. In violation of NYSHRL, Defendant discriminated against Plaintiff on the basis of sex by subjecting her to a hostile work environment that was severe or pervasive enough to affect the terms and conditions of her employment.

60. Defendant at all times relevant herein had actual and constructive knowledge of the conduct described above.

61. As a result of the discrimination perpetrated and maintained by Defendant and to Plaintiff and its failure to protect the Plaintiff from discrimination, Plaintiff suffered emotional distress.

62. Defendant violated the NYSHRL by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failing to act of the defendant as described above.

63. Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

### FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF DISCRIMINATION AND HARASSMENT IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
**(Brought against Defendant AIRWAY)**

64. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

65. Defendant AIRWAY has discriminated against Plaintiff in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including but not limited, taking advantage of Plaintiff, because of her sexual orientation.

66. Defendant AIRWAY has discriminated against Plaintiff in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her sexual orientation.

67. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

68. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## VIOLATION OF NEW YORK CITY ADMIN. COD. § 8-107
### (Brought against Defendant AIRWAY)

69. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

70. Plaintiff alleges that the foregoing actions by Defendant violate the New York City Administrative Code § 8-107, in that Defendant discriminated against Plaintiff on the basis of sex by subjecting her to a hostile work environment because of her sexual orientation and non-conformity to gender roles.

71. The Defendant's discrimination against Plaintiff was committed with reckless and callous disregard of her Title VII right to a workplace free from discrimination based on sex.

72. As a result of the Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre-post judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays and respectfully requests that the Court enter judgment in her favor and against Defendant, containing the following:

a. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of New York.

b. Order Defendant AIRWAY to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

c. Order Defendant AIRWAY to make whole Plaintiff AYANA WALTERS, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, lost

bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d. Order Defendant AIRWAY to make whole Plaintiff AYANA WALTERS, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

e. Order Defendant AIRWAY to make whole Plaintiff AYANA WALTERS, by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, resulting from the unlawful employment practices described above, in amounts to be determined at trial;

f. Order Defendant AIRWAY to pay Plaintiff AYANA WALTERS, punitive damages for its malicious and reckless conduct described above;

g. Attorney fees and costs; and

h. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 20, 2017
New York, New York

                                        Respectfully submitted,

                                        MARK DAVID SHIRIAN P.C.

By: _____
                                        Mark D. Shirian, Esq.
228 East 45th Street, Suite 1700B
New York, NY 10017
Telephone: (516) 417-0201

*Counsel for Plaintiff*